[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11067
Non-Argument Calendar

_____

D. C. Docket No. 08-00117-CV-FTM-99-SPC

CORNELL LORENZO SANDERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee,

D.B. DREW,
Warden, FCC-USP2,

Respondent.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2009)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Cornell Lorenzo Sanders, a pro se federal prisoner, appeals the district court's dismissal of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. After review, we affirm.[1]

In 1993, Sanders was convicted of drug offenses and sentenced to life imprisonment. This Court affirmed Sanders's convictions on direct appeal, and the Supreme Court denied Sanders's petition for certiorari. United States v. Sanders, No. 93-2476 (11th Cir. Nov. 9, 1994), cert. denied, No. 94-7918 (March 6, 1995). In December 2004 and January 2005, Sanders filed motions requesting permission from the district court to file an untimely motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied both motions because Sanders had made no showing to justify an untimely filing.

In February 2008, Sanders filed the instant § 2241 petition challenging the legality of his confinement on numerous grounds. The district court dismissed Sanders's petition. The district court found that Sanders did not file a timely § 2255 motion and that there was no basis to equitably toll the one-year time period for filing a § 2255 motion. Further, the district court concluded that the

---

[1]The availability of habeas relief under § 2241 presents a question of law we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

"savings clause" of § 2255 did not apply, and, therefore, Sanders could not seek relief under § 2241. Sanders filed this appeal.

Typically collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. See 28 U.S.C. §§ 2241(a), 2255(e). That provision, known as the "savings clause," permits a federal prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." 28 U.S.C. § 2255(e). The savings clause does not permit a prisoner to circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

In Wofford v. Scott, we established that § 2255's savings clause applies only when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. In order for a prisoner to avail himself of the § 2241 remedy, all three Wofford criteria must be met. See id. at

3

1244. A petitioner may not argue issues raised in his petition until he has "open[ed] the portal" to § 2241 by demonstrating that the savings clause applies. See id. at 1244 n.3.

On appeal, Sanders has not made any argument that he meets even the first of the Wofford criteria. Sanders does not point to any retroactively applicable Supreme Court precedent, much less one that might establish that he was convicted of nonexistent offenses. Because Sanders had not shown the applicability of § 2255's savings clause, we, like the district court before us, do not consider the merits of his § 2241 petition.[2] And, because the savings clause does not apply, the district court properly dismissed Sanders's § 2241 petition.

**AFFIRMED.**

---

[2]Even if a petitioner claims the district court lacked jurisdiction in the underlying criminal trial, the petitioner may not avail himself of the § 2241 remedy under Wofford unless the savings clause criteria are met. See Wofford, 177 F.3d at 1238, 1245 (applying the Wofford criteria to a claim that the trial court lacked jurisdiction over petitioner's underlying criminal conviction). Likewise, claims of actual innocence are not addressed unless the Wofford criteria are met. See id. at 1244 n.3 (stating that "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding," the court can address whether the petitioner can establish actual innocence). Thus, we do not address Sanders's claims of actual innocence or that the trial court lacked jurisdiction in his underlying criminal convictions.